Curia, per Richardson, J.
There can be no boubt that J. G. Brown, the displaced trustee, has the strict legal right to the money collected in his name by the sheriff, and in a regular suit at law he would recover it. But I have, in the case of Cannady vs. Odum & Matheny, just now pointed out the difference between such a proceeding and that by immediate and coercive attachment against an officer, as for a contempt of the court. And where the legal claimant demands the summary remedy, in order to lay his own hands upon money, which he ought forthwith to pay over to the present trustee, this court may reasonably ask mi bono such haste ? Why not shorten the labor by ordering the sheriff to pay the money to the proper trustee and proper receiver, James 0. Brown, and acquit yourself of the suspicion of your former cestui que trust Mrs. Brown 1 She asks that her money be guarded, and the legal claim of the former trustee belongs to what is called the apex non jus juris. Ought the court, then, to intermeddle affirmatively by aiding the ex-trustee with its discretionary process of attachment against the sheriff,- assuming that he has committed a contempt, and when in fact we can hardly disapprove of his reasoning and the course of delay he adopted 1
There may be room for two opinions upon what the sheriff ought to have done, but I cannot perceive any contempt of authority.
Let me here remark, that from the origin and reason, proper objects and consequences, of such judicial attachments of the person of an'officer, this court more readily acquiesces in the dismissal of such motions, than in the granting them ; but especially so, in- cases where the attachment is demanded, not for any actual contempt, but as a remedy for a party ; who can command the common remedy of all creditors and litigants.
When the attachment is demanded as an individual remedy, that is, as an execution to get money,- as in this case, both the justice and- necessity should be made to appear ; and, if apparent, contempt then inheres in the obstinacy of the sheriff; and whether wilful or not, the attachment follows.-
*532 But the court, at least a majority, do not perceive these prerequisites in this case, and think it properly belongs to the same class as the case just decided, and that of the adjudication, Dawkins vs. Pearson, therein referred to : The motion is therefore granted, — for a good additional reason, — for conformity sake.
O’Neall, and Fkost, JJ. concurred.
Evans and Wardlaw, JJ. dissented.